# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **WAVE NEUROSCIENCE, INC.**, a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>**CHRISTOPHER NEIL BRADLEY**, a resident of Oregon; **PATRICK LEE VOELKER**, a resident of Oregon; **BRIAN STERN**, a resident of Oregon,<br><br>    Defendants. | Case No. 3:19-cv-01413-SB<br><br>**ORDER FOR PRELIMINARY INJUNCTION** |

  Plaintiff Wave Neuroscience, Inc. ("Wave") has brought a motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. In a Complaint filed on September 4, 2019, Wave brought claims for intentional interference with contract, breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against Defendants Christopher Neil Bradley, Patrick Lee Voelker, and Brian Stern (collectively, "Defendants").

//

//

//

**ORDER FOR PRELIMINARY INJUNCTION**                                Page 1

In its motion, Wave alleges that Defendants have (i) intentionally interfered with its contracts with medical providers by disabling Wave's servers, (ii) breached various agreements with Wave by refusing to provide Wave access intellectual property rightfully owned by Wave and necessary to the operation of its business, and (iii) breached the implied covenant of good faith and fair dealing by refusing to provide a functional server and software environment to Wave. Wave also asks the Court to determine the parties' rights under Defendants' agreements to resolve any dispute that Wave in fact owns all source code, software, servers, and any other intellectual property Defendants developed for Wave. Wave alleges that Defendants will continue to interfere with its contracts, and disable the operation of its business, if not immediately restrained.

Wave seeks a preliminary injunction permitting Wave to operate and maintain access to all aspects of its servers and software ecosystem, including source code, pending a final judgment on the merits in this action.

The Court, having duly considered Wave's Complaint, Motion for Preliminary Injunction, the Declarations, and all other submitted pleadings, hereby makes the following findings and conclusions:

1. At this stage of the proceedings, and based on the Complaint, the Motion for Preliminary Injunction, and supporting evidence provided on this motion and Wave's prior motion for Temporary Restraining Order, Wave is likely to prevail on the merits of its claims. Defendants' conduct has intentionally interfered with Wave's contracts with its medical provider partners. Defendants conduct is in breach of various agreements with Wave's predecessors in interest providing Wave ownership of, or exclusive license to, its servers and software ecosystem.

Defendants conduct is in breach of the covenant of good faith and fair dealing. And, Wave is likely to obtain declaratory relief that it owns or has exclusive license to all elements required to operate its servers and software ecosystem.

2. Wave will suffer irreparable harm if a preliminary injunction does not issue. Prior to entry of the temporary restraining order in this matter, Defendants dismantled Wave's servers and refused to provide access to them, interfering with patient treatment by Wave's clients and causing harm to Wave's goodwill and reputation. This injunction serves only to permit Wave to maintain the relief it obtained via the temporary restraining order, to do otherwise would return Wave to the status the Court has previously found would result in irreparable harm.

- The harm to Wave in denying the requested temporary restraining order outweighs any possible harm to the legitimate interests of the Defendants that could be incurred by granting Wave such relief. Whereas Wave's business is irreparably harmed without access to its servers and software ecosystem, Defendants will suffer no harm from providing that access to technology which is proprietary to Wave.

3. The public interest of enforcing technology and consulting agreements weighs in favor of granting Wave the requested preliminary injunction.

4. Wave is prepared to post a bond with the Clerk of the Court as security for payment of any damages Defendants may be entitled to recover should it be determined that a preliminary injunction was improvidently granted.

//

**ORDER FOR PRELIMINARY INJUNCTION** Page 3

The above preliminary injunction is effective on Plaintiff's filing an undertaking in the sum of ONE HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($100,000.00).

IT IS FURTHER ORDERED that all parties have been deemed served with this order upon its filing by the Court.

IT IS SO ORDERED.

DATED: October 22, 2019

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge

**ORDER FOR PRELIMINARY INJUNCTION** Page 4

BN 37786377v1